UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MARGARET MAXWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. SACV 03-1172 AJW<br><br><br><br><br>ORDER GRANTING PETITION<br>FOR ATTORNEY'S FEES<br>42 U.S.C. § 406(b) |

Plaintiff's counsel Jimmy Ewenike ("petitioner") has filed a petition for attorney's fees under 42 U.S.C. § 406(b) (the "Petition") in the total amount of sixteen thousand, nine hundred fifty-two dollars and sixty cents ($16,952.60). Plaintiff previously was awarded the sum of five thousand dollars ($5,000.00) pursuant to the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412(d). [Order filed June 24, 2004]. Defendant filed a response to the petition.

**Proceedings**

Pursuant to a stipulation between the parties, this case was remanded to defendant for further administrative proceedings, culminating in an award to plaintiff of social security disability benefits, including a past-due benefits award in the amount of $67,810.40. [Declaration of Jimmy Ewenike ("Ewenike Decl.") attached to Petition, Exhibit ("Ex.") 1]. Defendant withheld 25% of that amount, or $16,952.60, for the payment of attorney's fees. [Ewenike Decl. 5 & Ex. 1]. Petitioner moves for an order

1  awarding him that amount and directing him to reimburse plaintiff $5,000 for the EAJA fees previously
2  awarded.[1]

## Discussion

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). In Gisbrecht, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, section 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht, 535 U.S. at 793. The Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements." Gisbrecht, 535 U.S. at 793. While courts review fee agreements as an "independent check, to assure that they yield reasonable results in particular cases," lawful contingent-fee agreements are "*the primary means by which fees are set*" for the successful representation of social security disability claimants in court. Gisbrecht, 535 U.S. at 807(italics added); see Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) ("Gisbrecht held that the lodestar approach was inappropriate for evaluating a contingent-fee agreement

---

[1] If attorney's fees are awarded under the EAJA and section 406(b), the attorney must refund the smaller of the two awards to the claimant. See Gisbrecht v. Barnhart, 535 U.S.789, 789 (2002) (noting that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits).

2

under § 406(b).... As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, noted the Court, § 406(b) simply instructs a court to review the agreement for reasonableness.")(internal citations omitted).

Plaintiff retained petitioner to represent him in federal court in his social security disability case, and plaintiff agreed to pay petitioner a contingent fee in an amount equal to 25% of any past-due benefits award obtained.  [See Ewenike Decl. 7 & Ex. 2].  Under Gisbrecht, the court examines a lawful contingent fee agreement only to assure that the enforcement of that agreement is not unreasonable.  The court may consider factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits award and the time expended, any undue delay attributable to counsel that caused an accumulation of back benefits, and whether the requested fee award would constitute a "windfall" to the attorney.  See Gisbrecht, 535 U.S. at 808; Mudd, 418 F.3d at 428; see, e.g., Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (awarding section 406(b) fees post-Gisbrecht where (1) counsel sought less than the maximum 25% contingent fee allowed by law; (2) counsel "faced a substantial risk of loss" because the plaintiff alleged a variety of impairments that "were not susceptible to clear and straightforward forms of proof, and some of which involved lengthy and complicated medical histories"; (3) "Congress has indicated the permissibility, within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social Security claimants;" (4)  the value of the benefits awarded to the plaintiff was "substantially more than the past-due benefits on which the fee is based" because the plaintiff also received ongoing disability benefits; (5) counsel devoted "considerable time and careful attention" to the case; and (6) "[p]etitioner's challenge to the [administrative law judge's] determination at step five was central to the court's decision to remand the case to the Commissioner") (citations omitted).

In this case, several factors weigh in favor of granting petitioner's fee request.  First, petitioner is an experienced social security disability lawyer who obtained a favorable result for his client pursuant to a stipulation of the parties.  This, in turn, led to a disbursement to plaintiff of past-due benefits in the amount of approximately $43,000, plus ongoing monthly disability insurance benefits  [Ewenike Decl., Ex. 1].

Second, as noted in the Commissioner's award letter to plaintiff, petitioner's requested § 406(b) fee

in the amount of $16,952.60 represents 25% of his client's past-due benefits, and thus the requested attorney's fee does not exceed the maximum 25% contingent fee authorized by law and by petitioner's contingent fee agreement with plaintiff. [See Ewenike Decl., Appendix 1]. Plaintiff also was served with a copy of petitioner's fee petition and was notified therein of her opportunity to object, but there is no indication in the record that she did so. [Ewenike Decl. 4].

Third, this case carried with it the risk of loss inherent in social security disability contingent-fee cases. If petitioner had not succeeded in obtaining a favorable outcome for his client, he would have recovered no fee. See Hearn, 262 F.Supp.2d at 1037 (taking into account the contingent nature of a § 406(b) fee award and noting that the plaintiff's counsel "agreed to a contingency fee arrangement in which he assumed the risk of receiving nothing for his time and effort if plaintiff was unsuccessful").

Fourth, there is no evidence in the record that petitioner unduly delayed the resolution of this case or engaged in any overreaching. On April 28, 2004, pursuant to a stipulated order, this court reversed the Commissioner's final decision denying disability benefits and remanded the case for further administrative proceedings. [Memorandum of Points and Authorities in Support of Petition ("Mem.") 8]. Thus, petitioner succeeded in obtaining a remand for his client without the necessity of awaiting a disposition of this case by the court. It was not until October 31, 2005, however--almost eighteen months after the remand order was filed--that a hearing was conducted on remand. [Mem. 8]. The administrative law judge issued his decision granting benefits on March 16, 2006. [Mem. 8]. In short, while there was a delay of approximately two years before the final adjudication of this claim on remand, there is no evidence that petitioner played any role in delaying the resolution of this case.

Fifth, petitioner spent 42.65 hours in attorney time bringing this case to a successful resolution in district court. [Ewenike Decl., Appendix 1]. That figure is in at the high range of hours typically expended social security disability appeals, but nevertheless it is within the norm. See Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (collecting cases recognizing a benchmark of 20 to 40 hours of attorney's time expended in social security disability cases, and noting that attorney's fees had been awarded in cases where from 22 to 46.5 hours of attorney's time had been spent obtaining a remand after benefits

were denied).[2]

It also is useful to note that the number of hours expended in this case translates into a de facto hourly rate of $397.48 for petitioner's services ($16,952.60/42.65). That rate is not suggestive of an impermissible windfall to petitioner. See Hearn, 262 F. Supp. 2d at 1037-1038 (collecting post-Gisbrecht section 406(b) cases awarding de facto hourly rates ranging from a low of about $188 to a high of about $695, and approving a contingent fee that amounted to a de facto hourly rate of about $450); see also Mudd, 418 F.3d at 428-429 (affirming a § 406(b) fee award of 25% of the claimant's past-due benefits that produced a de facto hourly rate of about $737); Claypool v. Barnhart, 294 F. Supp. 2d 829, 833-834 (S.D.W.Va. 2003) (approving a contingency fee agreement that yielded a de facto hourly rate of $1,433, and rejecting as inconsistent with Gisbrecht the argument that the court should determine a reasonable hourly rate and multiply it by the number of hours spent); Brown v. Barnhart, 270 F. Supp. 2d 769, 772-773 (W.D. Va. 2003) (holding that a § 406(b) contingent fee that amounted to an hourly rate of $1407.00 constituted a windfall to the attorney and must be reduced, but that an award providing a de facto hourly rate of $977.00 was reasonable in view of the results obtained, the contingent nature of the fee, counsel's experience, and the fact that "counsel spent significant time before the agency that cannot be compensated in this forum").

**Conclusion**

For the reasons described above, the fee petition is **granted** in the amount of **sixteen thousand, nine hundred fifty-two dollars and sixty cents ($16,952.60)**. To offset the prior EAJA fee award, petitioner should be ordered to refund to plaintiff the sum of **five thousand dollars ($5,000)** within **twenty-one (21) days** of receipt by petitioner of his section 406(b) fees.

**IT IS SO ORDERED.**

DATED: November 21, 2006

/ s /
_____
ANDREW J. WISTRICH
United States Magistrate Judge

---

[2] It is worth noting that although petitioner ultimately did not have to file a joint stipulation, he still had to perform most of the work required to prepare it because the joint stipulation was due on March 1, 2004 [see Order filed February 17, 2004], and the stipulation for remand was not executed until April 14, 2004. [Ewenike Decl., Appendix 1].